1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO FULGAR, | CASE NO. 1:11-cv-00505-SKO PC |
| Plaintiff, | ORDER STRIKING UNSIGNED AMENDMENT TO COMPLAINT |
| v. | (Doc. 9) |
| JERRY BROWN, et al., | |
| Defendants. | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| _____/ | (Doc. 1) |

### First Screening Order

I.    **Screening Requirement and Standard**

      Plaintiff Fernando Fulgar, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 25, 2011.  On June 27, 2011, Plaintiff filed an unsigned partial amendment to the complaint.  As set forth in section III, Plaintiff may not amend piecemeal, and unsigned filings cannot be considered.  Fed. R. Civ. P. 11(a); Local Rule 131. Therefore, the unsigned amendment will be stricken from the record.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Eighth Amendment Claim

### A.   Summary of Allegations

Plaintiff, who is currently incarcerated at La Palma Correctional Center in Eloy, Arizona, brings this action against Governor Jerry Brown, California Department of Corrections and Rehabilitation (CDCR) Director Matthew Cate, the Warden of Kern Valley State Prison (KVSP), and the Warden of Correctional Training Facility (CTF) for violating his rights under the Eighth Amendment of the United States Constitution.

Plaintiff alleges that on or around January 6, 2008, he was working out on the yard at KVSP when he slipped and fell from the bars. Plaintiff injured the deep tissue and/or cartilage in his chest. Plaintiff was evaluated by medical staff but sent back to his cell without any treatment. Since his injury, Plaintiff has experienced severe chest pain, but despite his repeated requests, he has been

2

1    denied medical treatment and any further evaluation of his injury, including a CT scan or an MRI.

2    Plaintiff alleges that he has been accused of faking his injury, and he has been told that the state is

3    broke and does not want to spend the money for outside testing.

4    Plaintiff was subsequently transferred to CTF in Soledad, where he was also denied medical

5    treatment for his injury, accused of faking his injury, and told the state cannot afford to send him out

6    for evaluation.  Plaintiff was then transferred to a series of facilities out of state to help alleviate

7    overcrowding in California's prisons.  (Docs. 1, 7, 10.)  At the time this action was filed, Plaintiff

8    was at Florence Correctional Center (FCC) in Florence, Arizona, and he alleges that officials there

9    noted his "history" of faking his injury, denied him medical care, and told him that California will

10   not pay for a CT scan.  (Doc. 1, Comp., p. 6.)

11   **B.**    **Legal Standard**

12   Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

13   federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

14   (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

15   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each

16   defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Simmons

17   v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588

18   F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

19   Further, liability may not be imposed under section 1983 against supervisory personnel for

20   the actions or omissions of their subordinates under the theory of *respondeat superior*.  Iqbal, 129

21   S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

22   Supervisors may be held liable only if they "participated in or directed the violations, or knew of the

23   violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);

24   accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570

25   (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th

26   Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

27   To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must

28   show deliberate indifference to his serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th

Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted).  The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference.  Id. (citation and quotation marks omitted).  Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.  Id. (citation and quotations omitted).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  Berry v. Bunnell, 39 F.3d 1056, (9 th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

**C.    Discussion**

**1.    Events at KVSP**

Plaintiff's allegations are sufficient to support a claim that he had a serious medical need for which he was denied medical care, causing him to suffer severe pain.  However, Plaintiff has not linked any staff members at KVSP to this denial of care.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.  Plaintiff may not seek to impose liability on Governor Brown, CDCR Director Cate, and the Warden of KVSP based on their positions of authority.  Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49.  Defendants were not personally involved in Plaintiff's medical care and the complaint is devoid of any allegations supporting a plausible claim for relief based on an unconstitutional policy or practice that is attributable to these defendants.  E.g., Taylor, 880 F.2d at 1045.  Plaintiff's conclusory allegation that he was told he could not get outside medical attention because the state is broke falls well short of supporting a plausible claim for relief against Defendants Brown, Cate, and Warden Doe.

4

### 1.     Events at CTC and FCC

Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); <u>Owens v. Hinsley</u>, 635 F.3d 950, 952 (7th Cir. 2011); <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997); <u>Desert Empire Bank v. Insurance Co. of North America</u>, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

In this instance, Plaintiff is attempting to pursue claims arising from events at three different prisons, all in different jurisdictions.  Although Plaintiff's claims arise from the failure to provide medical care for the same injury, the claims may not be litigated in the same action.  The events are separate and distinct, they occurred at different prisons in different jurisdictions, and they involved unrelated defendants.  If Plaintiff wishes to pursue claims against staff at CTF or FCC, he may file suit in the Northern District of California and United States District Court for the District of Arizona, respectively.  However, his claims against staff at those prisons are not properly joined with his claim against staff at KVSP.

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim for violation of the Eighth Amendment.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing these deficiencies in his claim against staff at KVSP.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

1  [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555
2  (citations omitted).

3         Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114
4  F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be
5  "complete in itself without reference to the prior or superceded pleading," Local Rule 220.
6  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an
7  amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>,
8  644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

9         Based on the foregoing, it is HEREBY ORDERED that:

10    1.    Plaintiff's unsigned partial amendment to the complaint, filed on June 27, 2011, is
11          stricken;

12    2.    The Clerk's Office shall send Plaintiff a complaint form;

13    3.    Plaintiff's complaint is dismissed for failure to state a claim upon which relief may
14          be granted under section1983;

15    4.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
16          amended complaint; and

17    5.    If Plaintiff fails to file an amended complaint in compliance with this order, this
18          action will be dismissed, with prejudice, for failure to state a claim.

19

20  IT IS SO ORDERED.

21  **Dated:    March 8, 2012**                    /s/ **Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

                                            6